UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-165 |
| | ) | (VARLAN/GUYTON) |
| FRED WILLIAM BUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge H. Bruce Guyton on May 8, 2009 [Doc. 22]. Defendant Fred W. Buis filed objections to the R&R [Doc. 23], which the Court will consider *de novo*.

Defendant Buis is charged with knowingly, intentionally, and without authority possessing with intent to distribute a mixture and substance containing a detectable amount of oxycodone hydrochloride, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [*See* Doc. 1.] Defendant Buis is also charged with knowingly possessing firearms in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c)(1). Additionally, the defendant is charged with knowingly receiving and possessing a firearm not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

The R&R addresses the motion to suppress filed in this case. Defendant Buis filed a motion to suppress certain evidence obtained from his home and vehicles. [Doc. 10.] Following an evidentiary hearing on the motion to suppress on January 27, 2009 and the filing of a post-hearing brief by the defendant and a response by the government, Magistrate Judge Guyton entered a R&R recommending that the motion to suppress be denied. [*See* Doc. 22.]

I.   **STANDARD OF REVIEW**

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which Defendant Buis objects. In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 22], the underlying briefs [Docs. 10; 11; 20; 21], Defendant Buis's brief regarding the pending objections [Doc. 23], the government's response to Defendant Buis's objections [Doc. 25], and the exhibits admitted at the suppression hearing [*see* Doc. 15]. For the reasons set forth herein, the Court will overrule Defendant Buis's objections, and the motion to suppress will be denied.

II.  **ANALYSIS**

   A.   **Objection 1: Entitlement to a *Franks* Hearing**

Defendant Buis objects to Magistrate Judge Guyton's finding that he is not entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154, 155, 164 (1978). Defendant Buis contends that Detective Bayless used bad or extraordinarily reckless faith in drafting and executing the search warrant. He argues that the deficiencies of the search warrant in stating incorrect descriptions of, and directions to, his home were so flawed that no reasonable

2

officer would have executed the warrant. The government responds encouraging the Court to adopt the R&R.

Under *Franks*, a defendant has the right to contest the truthfulness of sworn statements of fact in a search warrant affidavit only under certain limited circumstances:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. at 155-56; *see also United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). A defendant is entitled to a hearing only where allegations of intentional or reckless disregard are accompanied by an offer of proof, and mere conclusory allegations are insufficient. *Id.* Instead, the burden rests on the defendant to offer a requisite showing of such intent. *United States v. Garnett*, 951 F. Supp. 657, 660 (E.D. Mich. 1996). Furthermore, "[t]he deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant." *Franks*, 438 U.S. at 155-56. Thus, Defendant Buis's entitlement to a *Franks* hearing requires that Detective Bayless acted with intentional or reckless bad faith and disregard of the truth.

Detective Bayless testified that he used the 9-1-1 and driver's license databases to obtain the address of Defendant Buis's home for the search warrant. He also stated that he composed the directions to the home from memory, having been to the defendant's house twice previously. At the time Detective Bayless visited the defendant's house, it did have

3

red siding and white trim, as described in the search warrant. Bayless also used a GPS device to determine the latitude and longitude coordinates for a point at the end of the defendant's driveway. Thus, the Court finds that although there were errors in the search warrant's description, these errors were not the result of bad or reckless faith on Bayless's part. Accordingly, the Court finds that Defendant Buis is not entitled to a *Franks* hearing, and this objection is **OVERRULED**.

**B.     Objection 2: Reliability of Informant to Support Probable Cause**

Defendant Buis objects to Magistrate Judge Guyton's finding that the confidential informant was reliable for the purposes of supporting probable cause in the subsequent search warrant. Defendant Buis argues that the statements by the informant are inconsistent and contradict the tape recordings of the informant and the defendant, indicating a lack of veracity on the part of the confidential informant and, thus, a lack of probable cause for the search warrant. The government responds encouraging the Court to adopt the R&R.

Generally, the Court need only consider the four corners of the affidavit in assessing whether it provided probable cause for a search. *United States v. Hatcher*, 473 F.2d 321, 323 (6th Cir. 1973); *see also Whiteley v. Warden*, 401 U.S. 560, 565 (1971). A "totality of the circumstances" approach is employed, and only a showing of "probability or substantial chance of criminal activity, not an actual showing of such activity" is required. *Illinois v. Gates*, 462 U.S. 213, 245, *reh'g denied*, 463 U.S. 1237 (1983). Thus, the Court need not consider outside information in assessing the reliability of the confidential informant beyond

4

those facts detailed in the affidavit, and it need only find substantial probability of criminal activity based upon the reasonable reliability of the informant.

Although more is required than a simple attestation to the reliability of the informant, *United States v. Ferguson*, 252 Fed App'x 714, 721 (6th Cir. 2007), the Court finds that this standard is met. Independent corroboration by police may establish probable cause even in the absence of any "indicia of an informant's reliability" in the affidavit. *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005). In *United States v. Rodriguez-Suazo*, police corroboration of the informant's tip was deemed sufficient to meet the reliability requirements for probable cause. 346 F.3d 637, 646-47 (6th Cir. 2003). Likewise, in *United States v. May*, a confidential informant was held reliable for supporting probable cause where the informant had provided reliable information in the past and there was independent corroboration by the police. 399 F.3d 817 (6th Cir. 2005). Even a single controlled purchase has been held sufficient to corroborate an informant's reliability. *United States v. Henry*, No. 07-5867, 2008 WL 4691789, at *3 (6th Cir. Oct. 24, 2008). *United States v. Williams* also held that an informant was reliable where the informant had previously provided information leading to arrests and convictions and the affiant mentioned his own personal knowledge of drug sales at the location to be searched. 224 F.3d 530, 532-33 (6th Cir. 2000), *cert. denied*, 531 U.S. 1095 (2001).

Furthermore, however, evidence does not necessarily have to be excluded, even if probable cause is lacking. Where the search was performed with objective good faith in reasonable reliance on a search warrant, the fruits of the search are still admissible. *United*

*States v. Leon*, 468 U.S. 897, 909 (1984); *United States v. Savoca*, 761 F.2d 292, 295 (6th Cir. 1985).

In the present case, Detective Bayless attested that the informant had proved reliable in the past and he set up two controlled purchases, both of which were simultaneously recorded and then reviewed by Bayless. The affidavit proclaims that (1) Detective Bayless had worked with the informant for at least one month, (2) the informant had previously provided information that lead to other prosecutions and successful convictions, and (3) Bayless visually monitored the two controlled purchases and listened to the recordings of those purchases, providing corroboration for the information provided by the informant. These facts buttress the statement that the informant was reliable and provide independent corroboration for the informant's reliability. Given these facts, the Court finds that the affidavit on its face shows the informant to be reliable and supports probable cause for the search warrant. In the alternative, the Court finds that the search was executed under a facially valid warrant obtained with objective good faith and that the fruits of the search are admissible under the good faith exception recognized in *Leon* 468 U.S. 897. Accordingly, this objection is **OVERRULED**.

    **C.**    **Objection 3: Nexus to Criminal Activity and Place Searched**

Defendant Buis objects to Magistrate Judge Guyton's finding that the affidavit provides a sufficient nexus to the criminal activity alleged and the place to be searched, i.e., the defendant's residence. The government responds encouraging the Court to adopt the R&R.

6

Case 3:08-cr-00165-TAV-HBG   Document 29   Filed 07/02/09   Page 6 of 14   PageID #: 142

An affidavit offered in support of a search warrant "must indicate a nexus between the place to be searched and the evidence sought." *United States v. Hawkins*, 278 Fed App'x 629, 634 (6th Cir. 2008). "This nexus may be established by the nature of the items and normal inferences of where a person would keep such items." *Id.* Specifically, normal inferences may provide a nexus between illegal activity and the defendant's residence. *Garnett*, 951 F. Supp. at 657 (citing *United States v. Jones*, 994 F.2d 1051, 1055-56 (3d Cir. 1993)). "If there is probable cause to believe that someone committed a crime, then the likelihood that the person's residence contains evidence of the crime increases." *Id.* Indeed, the Sixth Circuit has recognized that a nexus exists between a known drug dealer's criminal activity and his residence where there is evidence connecting that criminal activity to the residence. *Frazier,* 423 F.3d at 526; *United States v. Miggins*, 302 F.3d 384, 393-94 (6th Cir. 2002); *United States v. Caicedo*, 85 F.3d 1184, 1193 (6th Cir. 1996). Some courts have even drawn an inference that drug dealers are likely to keep drugs in their homes even in the absence of evidence directly supporting that inference. *See, e.g., United States v. Missouri*, 644 F. Supp. 108, 111 (E.D. Mich. 1986).

Specifically, a nexus between drug trafficking and location can be found to exist when there has been a recent controlled purchase from the location. *United States v. Harris*, 255 F.3d 288, 293-94 (6th Cir.), *cert. denied, Taylor v. United States*, 534 U.S. 966 (2001). Detective Bayless's affidavit details two separate controlled purchases of oxycontin by the confidential informant, and both purchases took place at the defendant's residence. The second of these purchases occurred on the day the search warrant was issued. As with

7

*Frazier*, *Miggins*, and *Caicedo*, there was direct evidence that the suspect was trafficking drugs prior to the issuance of the search warrant. Thus, the affidavit sets forth facts providing a nexus between the alleged criminal activity and the place to be searched. However, even in the absence of a nexus between the defendant's criminal activity and his residence, the fruits of the search would still be admissible pursuant to the good faith exception recognized in *Leon*, 468 U.S. 897. Accordingly, this objection is **OVERRULED**.

### D. Objection 4: Particularity of the Search Warrant

Defendant Buis objects to Magistrate Judge Guyton's finding that the search warrant was sufficiently particular with regard to the place to be searched. Defendant Buis further contends that there was a more reasonable house that fit the description in the search warrant. Defendant Buis argues that errors in the search warrant regarding the address and appearance of the home, as well as the directions to it, make it facially invalid. The government responds encouraging the Court to adopt the R&R.

Under the Fourth Amendment, a search warrant must describe the place to be searched with particularity. U.S. Const. amend IV; *Dalia v. United States*, 441 U.S. 238, 255 (1979). This requirement is satisfied where "the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503 (1925). Though particularity is required, the description in the warrant does *not* have to be "'technically accurate in every detail.'" *United States v. Pelayo-Landero*, 285 F.3d 491, 496 (6th Cir. 2001) (quoting *United States v. Prout*, 526 F.2d 380, 387-88 (5th Cir. 1976)). Courts "routinely uphold warrants [...] where one part of the

8

description might be inaccurate but the description has other accurate information to identify the place to be searched with particularity." *Pelayo-Landero*, 285 F.3d at 497 (finding particularity requirement met despite defendant's claim that the warrant failed to state the correct physical address); *see also United States v. Durk*, 149 F.3d 464, 466 (6th Cir. 1998) (affirming warrant's validity despite transposed numbers in house number and incorrect direction of travel from reference street).

A two-prong test looks to whether (1) the location to be searched is described with enough particularity that the executing officers can, with reasonable effort, locate and identify the premises, and (2) whether it is reasonably probable that some other premises will be mistakenly searched. *United States v. Gahagan*, 865 F.2d 1490, 1497 (6th Cir.), *cert. denied*, 492 U.S. 918 (1989).

In the present case, the Court finds that it was not reasonably probable that some other premises would be mistakenly searched. The warrant was correct in the streets to be traveled, even if it was incorrect regarding the direction of the final turn onto the defendant's driveway, and the GPS coordinates also eliminate confusion. The warrant describes the gravel driveway, and there is not another such driveway at the GPS point. Thus, although the warrant says to turn "right" and not "left," a reasonable officer would know to turn left instead of following a set of tire tracks down a dirt road that ends abruptly at old Highway 25E.

Beyond this, the knowledge of the affiant who is executing the warrant can supplement an incomplete or incorrect description in the search warrant. "[W]hen one of the

9

executing officers is the affiant who describes the property to the judge, and the judge finds probable cause to search the property as described by the affiant, and the search is confined to the areas which the affiant described, then the search, in this case, is in compliance with the [F]ourth [A]mendment." *Id.* at 1499. Here, Detective Bayless knew the actual location of the defendant's house, having been there twice in the past and having conducted surveillance from the adjacent hill the day before the warrant was issued. It is irrelevant that another individual lacking Bayless's familiarity might have been unable to identify the house with certainty. Indeed, there was not another nearby property that could be mistaken for the defendant's house.

The Court finds that this case is distinct from *Knott v. Sullivan*, 418 F.3d 561 (6th Cir. 2005), where the errors in the warrant were so extensive as to make it impossible for an officer to locate and identify the vehicle with reasonable effort and where the chance of mistakenly searching the wrong vehicle was high. Here, the description contained information that could allow an officer to find the house with reasonable effort, and Detective Bayless was familiar with the house in question. There were no other houses near the GPS point specified. Accordingly, the Court concludes that the warrant was sufficiently particular, and this objection is **OVERRULED**.

   **E.     Objection 5: Permission to Search at Night**

Defendant Buis objects to Magistrate Judge Guyton's finding that Federal Rule of Criminal Procedure 41 does not apply with regard to requiring specific permission for a search at night given that state officers executed the search warrant. Defendant Buis argues

10

that Rule 41 does apply and that there was no specific language for a finding of good cause to execute the search warrant at nighttime. The government responds encouraging the Court to adopt the R&R.

Rule 41 requires the warrant to direct the officer that the search be executed during daytime hours. Fed. R. Crim. P. 41(a)(2)(B), (e)(2)(B). However, "Rule 41 does not apply in a case where no federal officers are involved." *United States v. Shields*, 978 F.2d 943, 946 (6th Cir. 1992); *United States v. Bennett*, 170 F.3d 632, 635 (6th Cir. 1999). Here, there is no evidence that any federal officers were involved in the execution of the search warrant. For this reason, no statement of good cause for a search at night was necessary and it is immaterial that one was lacking. Thus, the Court need not apply the requirements of Rule 41 concerning a night search. Indeed, the warrant directed the officer to "make immediate search of the premises."

However, even a violation of Rule 41 may be constitutionally reasonable where the violation was not in bad faith. *United States v. Searp*, 586 F.2d 1117, 1123 (6th Cir. 1978). The particular procedures mandated by Rule 41 are not necessarily part of the Fourth Amendment. *Id.* at 1121; *see also Ker v. California*, 374 U.S. 23, 34 (1963). Instead, the exclusionary rule has only limited applicability and the costs of applying it must be weighed against the culpability of law enforcement agents. *Herring v. United States*, 129 S. Ct. 695, 700-01 (2009). Thus, even an unacceptable violation of Rule 41 does not necessarily justify the exclusion of evidence obtained through the search, especially where the violation does not result in undue prejudice nor involve intentional or deliberate disregard of the rules.

*Searp*, 586 F.2d at 1124-25. A violation of the Fourth Amendment will not automatically result in suppression because "the exclusionary rule is not an individual right" and it applies only where its deterrence benefits outweigh its substantial costs. *Herring*, 129 S. Ct. at 698, 700. Here, the police had substantial concerns over their safety to justify a night search, the warrant specified an immediate search such that the officers did not believe themselves to be disregarding any rules, and the search would otherwise have occurred the next day. Thus, the defendant suffered no additional harms resulting from the search being performed at night. This search was not governed by Rule 41, but had it been, the violation of the rule would not justify exclusion of the evidence in this instance. Accordingly, this objection is **OVERRULED**.

      F.      **Objection 6: Scope of the Search Warrant**

Defendant Buis objects to Magistrate Judge Guyton's finding that the items seized did not exceed the scope of the search warrant. Defendant Buis argues that the firearms seized were not evidence or contraband since he is not a convicted felon and that they were improperly seized since the firearms were not listed in the warrant. The government responds encouraging the Court to adopt the R&R.

Although neither the search warrant nor the affidavit referenced in the warrant specify firearms as evidence for which the officers could search, the executing officers were present in the defendant's home pursuant to a valid search warrant and at least some of the weapons were immediately apparent. Under the plain view doctrine, officers are excepted from the Fourth Amendment's warrant requirement when three criteria are met: "the initial intrusion

12

by the officers must be lawful; the discovery of the incriminating evidence must be inadvertent; and the incriminating nature of the evidence must be 'immediately apparent.'" *United States v. Beal*, 810 F.2d 574, 576 (6th Cir. 1987) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 466 (1971)). When these criteria are met, officers are permitted to seize objects outside the scope of the warrant. *Beal*, 810 F.2d at 576.

Although the Sixth Circuit is unwilling to hold the mere presence of weapons in a drug dealer's home as probable cause that they are used for the distribution of controlled substances, it has recognized that they are "almost by definition incriminating." *United States v. Owen*, 621 F. Supp. 1498, 1509 (E.D. Mich. 1985). "[D]ealers in narcotics are well known to be dangerous criminals usually carrying firearms." *United States v. Moreno*, 658 F.2d 1120, 1123 (6th Cir. 1981) (recognizing firearms as tools of the drug trade) (quoting *United States v. Korman*, 614 F.2d 541, 546 (6th Cir.), *cert. denied*, 446 U.S. 952 (1980)); *United States v. Case*, No. 2:07-CR-111, 2008 WL 4865967, at *9 (E.D. Tenn. Nov. 10, 2008). July 1, 2009The Court will look to the particular facts of a case to determine whether the required nexus is met, *Owen*, 621 F. Supp. at 1509, but some weapons may be viewed as incriminating *per se*. *United States v. Truitt*, 521 F.2d 1174, 1177 (6th Cir. 1974) (holding the inadvertent seizure of a "sawed off" shotgun as permissible, given that there is almost no legal use for such a weapon). Furthermore, a reasonableness inquiry governs, and where evidence is seized during the execution of a reasonable warrant, that evidence is admissible under the good faith exception. *Maryland v. Garrison*, 480 U.S. 79 (1987).

13

The Court finds that the firearms were discovered during a search for drugs and drug paraphernalia and that they were seized and are admissible pursuant to the plain view exception to the warrant requirement. Detective Bayless entered Defendant Buis's residence pursuant to a valid search warrant. Bayless testified that a short-barreled rifle was inadvertently viewed underneath the kitchen table while the officers were searching the defendant's living room/kitchen area for drugs pursuant to that warrant. The incriminating nature of this weapon was immediately apparent given that the weapon was cut to one or one and one-half feet in length, which Detective Bayless stated was obviously illegal. Additionally, Detective Bayless testified that the informant had told him that the defendant traded drugs for guns, and from his law enforcement experience, Detective Bayless knew it to be common for drug dealers to carry weapons. As the potential proceeds from defendant's drug transactions, all firearms seized were incriminating evidence. Furthermore, the fruits of the search would be admissible under the good faith exception. Accordingly, this objection is **OVERRULED**.

### III. CONCLUSION

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 22] of Magistrate Judge Guyton, and the motion to suppress [Doc. 10] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE